# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 21, 2009

## STATE OF TENNESSEE v. HERMAN SOWELL, JR.

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-60143     Don R. Ash, Judge**

**No. M2008-02358-CCA-R3-CD - Filed March 17, 2010**

Defendant, Herman Sowell, Jr., appeals the dismissal of his motion requesting the trial court to modify his sentence of confinement to a suspended sentence. On appeal, Defendant argues that the trial court abused its discretion in finding no change in circumstances which would justify the requested modification. After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Gerald L. Melton, District Public Defender; Collier W. Goodlett, Assistant Public Defender, Clarksville, Tennessee, for the appellant, Anthony Fulmer.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Jennings Jones, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

### I. Background

On February 28, 2008, Defendant entered a plea of guilty in case no. F-60143 to theft of property valued between $1,000 and $10,000, a Class D felony. In exchange for Defendant's plea, the State agreed to dismiss a burglary charge in the same case, and to enter a nolle prosequi to the charge of domestic assault in case no. M-60042 and to the charge of driving on a revoked license in case no. M-60359. The trial court imposed the agreed upon sentence of four years as a Range II, multiple offender, and, as part of the agreed upon

sentence, ordered Defendant to serve his sentence in confinement. On June 27, 2008, Defendant filed a motion for reduction of sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. In his motion, Defendant asked the trial court to modify his sentence of confinement to a probated sentence.

At the hearing on Defendant's motion, Defendant explained that he learned that his wife, Tracy Sowell, was pregnant after he commenced service of his sentence. Defendant stated that as a result of medical complications with her pregnancy, Ms. Sowell had been placed on bed rest for the duration of her pregnancy and could not work as an accountant or care for her ten-year-old daughter from another relationship. Defendant said that Ms. Sowell was unable to meet her mortgage obligations as well as the family's other monthly bills. Defendant stated that if he were placed on probation, he would be able to return to his former job as a barber and help the family financially.

On cross-examination, Defendant acknowledged that he was sentenced as a Range II, multiple offender, even though he had sufficient prior convictions to classify him as a Range III, persistent offender, for sentencing purposes. Defendant also stated that the terms of his negotiated plea agreement included an agreed upon sentence of four years to be served in confinement.

Ms. Sowell testified that she and Defendant had been married two years, and they and Ms. Sowell's ten-year-old daughter lived in a home purchased by Ms. Sowell approximately seven years before her marriage. Ms. Sowell stated that before her pregnancy, she worked for an accounting firm in Nashville. Ms. Sowell said that as a result of her pregnancy, she is confined to bed and unable to work, although she violated her doctor's orders in order to be able to attend the hearing. Ms. Sowell stated that she is unable to keep current on her outstanding bills, and her credit score had been adversely impacted. Ms. Sowell said that Defendant contributed to the family income when he was working as a barber. Ms. Sowell stated that her mother attempted to help with the monthly bills, but her mother was on a fixed income.

Certain medical records for Ms. Sowell were introduced as an exhibit at the hearing. According to a letter from Ms. Sowell's physician, Gina Hamrang, Ms. Sowell has been under Dr. Hamrang's care "for pregnancy from [February 27, 2008] through" the date of the letter, May 16, 2008. The records also indicate that Ms. Sowell's estimated delivery date was November 2, 2008. The presence of hemorrhaging was detected on March 12, 2008, and Ms. Sowell was placed on bed rest on April 9, 2008.

## II. Jurisdictional Challenge

The State argues that the trial court did not have jurisdiction to hear Defendant's motion for reduction of his sentence because Defendant had been transferred to the Department of Correction at the time he filed his motion. *See* T.C.A. §40-3-212(d)(1); *State v. Elvin Williams*, No. M2006-00287-CCA-R3-CD, 2007 WL 551289 (Tenn. Crim. App., at Nashville, Feb. 22, 2007), *perm. to appeal denied*.

Rule 35 of the Tennessee Rules of Criminal Procedure provides as follows:

(a) Timing of Motion. The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. No extension shall be allowed on the time limitation. No other actions toll the running of this time limitation.

(b) Limits of Sentence Modification. The court may reduce a sentence only to one the court could have originally imposed.

(c) Hearing Unnecessary. The trial court may deny a motion for reduction of sentence under this rule without a hearing.

Tenn. R. Crim. P. 35(a)-(c)

There is no dispute that Defendant was in the physical custody of the Department of Correction at the time that he filed his motion. Tennessee Code Annotated section 40-35-212 provides in relevant part that:

(c) Unless the defendant receives a sentence in the department, the court shall retain full jurisdiction over the manner of the defendant's sentence service.

(d)(1) Notwithstanding the provisions of subsection (c), the court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the department. The jurisdiction shall continue until the defendant is actually transferred to the physical custody of the department.

In *Elvin Williams*, relying in part on section 40-35-212, a panel of this Court concluded that a trial court lost jurisdiction to hear a Rule 35 motion after the defendant was transferred to the Department of Correction. In two other unpublished decisions, however, the panels reached a contrary result. *See Joseph C. Edenfield*, No. M2008-01683-CCA-R3-

CD, 2009 WL 1065939 (Tenn. Crim. App, at Nashville, Apr. 21, 2009) *no perm. to appeal filed*; *State v. Lovard D. Horton*, No. M2007-02163-CCA-R3-CD, 2008 WL 4377127 (Tenn. Crim. App., at Nashville, Aug. 14, 2008), *no perm. to appeal filed*. In *Lovard D. Horton*, the panel cited to the commission comments to section 40-35-212 which provides as follows:

> Subsections (c) and (d) provide that the judge has full jurisdiction to modify the terms and conditions of any sentence unless the defendant has been sentenced to the department. There are two exceptions. First, the trial judge may modify the sentence for a defendant sentenced to the department where the defendant is awaiting transportation to the department. *Second, as provided in [section] 40-35-319(b), sentences may be modified pursuant to [Tennessee Rule of Criminal Procedure] 35(b), which permits modifications within 120 days of sentencing.*

T.C.A. § 40-35-212 (2006), Sentencing Comm'n Cmts (emphasis in original).

As did the court in *Joesph C. Edenfield*, "we find the analysis and reasoning set forth in *Lovard D. Horton* to be persuasive and illustrative of the correct jurisdictional limitations." Accordingly, we conclude that Tennessee Code Annotated section 40-35-212 does not prevent a trial court from exercising jurisdiction over a Rule 35 motion filed within the applicable 120 days even though the defendant has been transferred to the physical custody of the Department of Correction. Defendant filed his Rule 35 motion within 120 days of the date sentence was imposed. Thus, we will address the merits of Defendant's issue.

### III. Abuse of Discretion

Rule 35 "does not vest the defendant with a remedy as of right." *Elvin Williams*, 2007 WL 551289, at *1. The Advisory Commission Comments to Rule 35 explain that "[w]hile the judge may grant a hearing and modify the sentence, there is no requirement that a hearing even be held in the discretion of the court.... The intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." A trial court's ruling on a Rule 35 motion will not be overturned absent an abuse of discretion. *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993).

We observe initially that it appears that Defendant entered his plea of guilty pursuant to Rule 11(c)(1)(C) of the Tennessee Rules of Criminal Procedure. Tenn. R. Crim. P. 11(c)(1)(C) (providing that the State may "agree that a specific sentence is the appropriate disposition of the case" as part of the negotiated plea agreement). That is, the State and Defendant agreed to a specific sentence of four years to be served in confinement in the

Department of Correction, which sentence was placed into effect by the trial court. Alteration of a negotiated plea agreement sentence is limited in scope. *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994) (citing *State v. Grady Hargrove*, Nos. 01S01-9203-CC-00035; 01S01-9203-CC-00036; 03S01-9203-CC-00026, 1993 WL 300759, at *2 (Tenn., at Nashville, Aug. 9, 1993), *reh'g denied*, (Sept. 27, 1993)). Nonetheless, in *McDonald*, we stated that "a situation may arise where unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice." *Id*.

The unforseen circumstance relied upon by Defendant in support of his motion involved the medical complications relating to Ms. Sowell's pregnancy which impeded her ability to support her family financially. Nonetheless, the trial court, after acknowledging the unfortunate circumstances resulting from Ms. Sowell's pregnancy, determined that the interests of justice did not warrant a modification of Defendant's sentence based on the facts presented. A finding that a trial court has abused its discretion may only be reached when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the defendant. *State v. Ruiz*, 204 S.W.3d 772, 773 (Tenn. 2006).

Based on our review, we conclude that the trial court did not abuse its discretion in denying Defendant's motion to modify his sentence. Defendant is not entitled to relief on this issue.

## CONCLUSION

After a thorough review, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE