STATE of Tennessee

v.

**Joseph C. EDENFIELD.**

Court of Criminal Appeals of Tennessee, at Nashville.

Assigned on Briefs Dec. 2, 2008.

April 21, 2009.

Kenneth R. McKnight, Murfreesboro, Tennessee, for the appellant, Joseph C. Edenfield.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and David L. Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which J.C. McLIN and CAMILLE R. McMULLEN, JJ., joined.

The defendant, Joseph C. Edenfield, appeals the dismissal of his motion requesting that the court modify his sentence of imprisonment and grant him a suspended sentence. On appeal, the defendant argues that the trial court erred in its finding that it lacked jurisdiction over the defendant's sentence because of his transfer to the Department of Correction. Thus, the issue before us is whether a trial court loses jurisdiction to modify a defendant's sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure if the defendant is in the physical custody of the Department of Correction. Upon review of the record and the applicable relevant law, we conclude that the trial court does retain jurisdiction to modify a sentence pursuant to Rule 35, regardless of where the defendant is housed, if the request for modification is made within 120 days after the date the sentence is imposed or probation is revoked. As such, we reverse the trial court's dismissal of the defendant's motion for modification and remand for a determination as to whether or not modification of the sentence is proper.

## Procedural History

The defendant was indicted by a Cannon County grand jury for two counts of attempted second degree murder, Class B felonies. He subsequently pled guilty to two counts of the lesser included offense of aggravated assault, Class C felonies, in exchange for a sentence of six years on each count with the manner of service to be determined by the trial court. After the sentencing hearing on September 28, 2007, the trial court imposed consecutive six-year sentences, one to be served in the Department of Correction and the other on probation.

On December 31, 2007, the defendant, through counsel, sent a letter to the trial court requesting that the court modify the defendant's sentence by suspending its balance. The trial court appears to have treated the letter as a motion for suspended sentence under Rule 35 of the Tennessee Rules of Criminal Procedure. The trial court stated upon the record that it did not have jurisdiction to modify the defendant's sentence because the defendant was in the physical custody of the Department of Correction and denied the motion. Nevertheless, the defendant requested and was granted a hearing, at which the trial court reiterated that it did not have jurisdiction to review the merits of the defendant's request. The defendant timely appealed the trial court's ruling.

## Analysis

On appeal, the defendant contends that the trial court erred in denying his Rule 35 motion, based upon its finding that it lacked jurisdiction. The defendant contends that Rule 35 allows him 120 days after the date the sentence is imposed or probation is revoked to file such a motion to reduce his sentence. The State contends, however, that the denial was proper as the trial court did lack jurisdiction to hear the motion because the defendant had already been transferred to the custody of the Department of Correction at the time the motion for sentence modification was filed. We note that there is no dispute in the case that the motion was filed within the requisite 120 days time limitation, as the defendant was sentenced on September 28, 2007, and filed the motion for reduction on December 31, 2007, approximately ninety days later. Thus, the issue before us is strictly a legal question of whether transfer to Department of Correction custody deprives a trial court of jurisdiction to hear a timely-filed Rule 35 motion for modification of sentence.

Rule 35 of the Tennessee Rules of Criminal Procedure provides as follows:

> (a) Timing of Motion. The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. No extension shall be allowed on the time limitation. No other actions toll the running of this time limitation.
>
> (b) Limits of Sentence Modification. The court may reduce a sentence only to one the court could have originally imposed.
>
> (c) Hearing Unnecessary. The trial court may deny a motion for reduction of sentence under this rule without a hearing.

Tenn. R.Crim. P. 35(a)–(c). According to the Advisory Commission Comments to Rule 35, the "intent of this rule is to allow modifications only in circumstances where an alteration of the sentence may be proper in the interests of justice. The modification permitted by this rule is any modification otherwise permitted by law when the judge originally imposed [the] sentence." The rule does not vest the defendant with a remedy as of right. Rather, this rule commits the granting of relief to the sound discretion of the trial court. When the appellate court reviews the denial of relief on a motion to reduce or modify a sentence, the standard is whether the trial court abused its discretion. *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn.2006); *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim.App.1993).

There is also no dispute in this case that the defendant was in the physical custody of the Department of Correction at the time he made his request for modification of sentence. The State, in support of their argument that the trial court was divested of jurisdiction to modify the sentence once the defendant was transferred to the De-partment of Correction, relies upon Tennessee Code Annotated section 40–35–212. That section provides, in relevant part:

> (c) Unless the defendant receives a sentence in the department, the court shall retain full jurisdiction over the manner of the defendant's sentence service.
>
> (d)(1) Notwithstanding the provisions of subsection (c), the court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the department. The jurisdiction shall continue until the defendant is actually transferred to the physical custody of the department.

After comparing the language of both the Rule and the statute, we conclude that a Rule 35 motion stands on its own power and is not contingent on the location of the defendant. Thus, pursuant to the very terms of the rule, a trial judge retains jurisdiction to modify a defendant's sentence if the motion is properly filed within 120 days of entry of the sentence, regardless of the defendant's location. In contrast to Rule 35, Tennessee Code Annotated section 40–35–212 only permits the trial court to modify a Department of Correction sentence for a defendant who is held locally and has not been transferred to the penitentiary. T.C.A. § 40–35–212(d)(1) (2006).

Despite our above determination that applicability of Rule 35 is not contingent on a defendant's location, we recognize that in 2007, a panel of this court concluded that section 40–35–212 prevented a trial court from exercising jurisdiction over a defendant after he or she had been transferred to the Department of Correction. *State v. Elvin Williams*, No. M2006–00287–CCA–R3–CO, 2007 WL 551289 (Tenn.Crim.App. at Nashville, Feb. 27,

2007). In reaching its conclusion that the trial court lost jurisdiction over a defendant, *Williams* relied upon Tennessee Code Annotated section 40–35–212(d)(1) and two other appellate decisions by this court, *State v. Bowling,* 958 S.W.2d 362, 363 (Tenn.Crim.App.1997), and *State v. Immanuel Eldridge Harney,* No. M2003–03004–CCA–R3–CD, 2005 WL 94462 (Tenn.Crim.App. at Nashville, Jan. 12, 2005). Subsequently, in *State v. Sherman Tyler Rumsey,* No. M2007–00093–CCA–R3–CD, 2007 WL 2350095 (Tenn.Crim. App. at Nashville, Aug. 14, 2007), a second panel of this court reached the same conclusion. The decision in *Rumsey* relied upon the authority of *Immanuel Eldridge Harney* and *State v. Timothy Potter,* No. 01C01–9402–CR–00062, 1995 WL 2999 (Tenn.Crim.App. at Nashville, Jan. 5, 1995).

Recently, however, a panel of this court concluded that "Tennessee Code Annotated section 40–35–212 does not prevent a trial court from exercising jurisdiction on a Rule 35 motion filed by a defendant who has been physically transferred to the Department of Correction." *State v. Lovard D. Horton,* No. M2007–02163–CCA–R3–CD, 2008 WL 4377127 (Tenn.Crim.App. at Nashville, Aug. 14, 2008). The court came to this conclusion after finding that the commission comments to section 40–35–212 provide an exception to Rule 35. Those comments state as follows:

> Subsections (c) and (d) provide that the judge has full jurisdiction to modify the terms and conditions of any sentence unless the defendant has been sentenced to the department. There are two exceptions. First, the trial judge may modify the sentence for a defendant sentenced to the department where the defendant is awaiting transportation to the department. *Second, as provided in [section] 40–35–319(b), sentences may be modified pursuant to [Tennessee Rule*

> *of Criminal Procedure] 35(b), which permits modifications within 120 days of sentencing.*

T.C.A. § 40–35–212 (2006), Sentencing Comm'n Cmts (emphasis added).

Clearly, a split of authority exists on the issue currently before us. After review, we find the analysis and reasoning set forth in *Horton* to be persuasive and illustrative of the correct jurisdictional limitations. The cases relied upon as authority to support the decisions in *Williams* are distinguishable on their facts and do not support the proposition for which they were relied upon. *State v. Bowling* did not involve a Rule 35 motion but, rather, a revocation of suspended sentences. *Bowling,* 958 S.W.2d at 362. Moreover, *State v. Timothy Potter* explicitly states that "Rule 35 is not determinative of the issue presented." *Timothy Potter,* No. 01C01–9402–CR–00062. Finally, contrary to the conclusion reached by two panels of this court, *State v. Immanuel Eldridge Harney* also does not support the premise that a trial court loses jurisdiction to entertain a Rule 35 motion following a defendant's transfer to Department of Correction custody. The defendant in that case filed a "Motion to Suppress the Giles County Sheriff Department to Turn Petitioner over to the Tennessee Department of Correction." *Immanuel Eldridge Harney,* No. M2003–03004–CCA–R3–CD. The trial court treated it as a motion for reduction of sentence pursuant to Rule 35, Tennessee Rules of Criminal Procedure, and entered a subsequent order denying the motion but finding that, "if the Defendant ... is in the Giles County Jail on September 25, 2002, then the Court may exercise its jurisdiction pursuant to [Tennessee Code Annotated section] 40–35–212(d)." *Id.* The defendant then filed an untimely motion for sentence modification following his transfer to Department of Correction cus-

tody. Clearly, this motion was not controlled by Rule 35 but, rather, by Tennessee Code Annotated section 40–35–212(d), which specifically states that jurisdiction is terminated by transfer to the Department of Correction. *See id.* Thus, reliance upon this case to support a similar holding pursuant to Rule 35 is incorrect. Thus, any cases to the contrary should not be relied upon as an accurate statement of our law, namely *State v. Elvin Williams and State v. Sherman Tyler Rumsey.*

Though not pertinent to our decision in this case, we note that the trial court in this matter was not required to treat a letter from defense counsel as a Rule 35 request for a modification of sentence. Indeed, the preferred practice would be to require a formal motion including any affidavits supporting the modification request. Moreover, Rule 35 does not contemplate a formal hearing as was done in the case; rather, the trial court was free to rule upon the defendant's request without a hearing. After all, the defendant, less than 120 days before, had the opportunity to present any evidence available to the defendant at his sentencing hearing.

## CONCLUSION

Based upon our review and interpretation of the relevant law, we conclude that the trial court erred in its determination that the defendant's confinement in the Department of Correction deprived the court of jurisdiction to consider the defendant's Rule 35 motion for modification of sentence. As such, the decision must be reversed and the case remanded for the trial court to consider the merits of the defendant's request and issue its ruling in accordance with the guidelines set forth in Rule 35.