IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 24, 2009 at Knoxville

## DELWIN O'NEAL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 2008-CR-102     Robert Crigler, Judge**

_____

**No. M2009-00507-CCA-R3-PC - Filed April 23, 2010**

_____

The Petitioner, Delwin O'Neal, appeals as of right from the Marshall County Circuit Court's denial of his petition for post-conviction relief attacking his guilty plea convictions for multiple drug offenses for which he received an effective sentence of twenty-three years as a Range II, multiple offender. At the post-conviction evidentiary hearing, the Petitioner requested a reduction of sentence, and the trial court ruled that it was without jurisdiction to modify the sentence. In this appeal as of right, the Petitioner contends that the trial court erred in ruling that it could not modify the sentence. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Hershell D. Koger, Pulaski, Tennessee,  attorney for appellant, Delwin O'Neal.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

The record reflects that the Marshall County grand jury indicted the Petitioner for the following drug offenses:

| Case Number 17517 | Sale of Cocaine |
| --- | --- |
| | Conspiracy to Sell or Deliver Cocaine |
| Case Number 17519 | Sale of Cocaine |
| | Delivery of Cocaine |
| Case Number 17520 | Sale of Cocaine |
| | Delivery of Cocaine |
| Case Number 17521 | Possession with Intent to Sell Cocaine |
| | Possession with Intent to Deliver Cocaine |
| Case Number 17522 | Sale of Cocaine |
| | Delivery of Cocaine |

On August 8, 2007, the Petitioner entered guilty pleas to four counts of sale of cocaine and one count of possession with intent to sell cocaine. All remaining counts were dismissed. Pursuant to the plea agreement, the Petitioner received a sentence of eight years for each sale of cocaine offense and fifteen years for the possession with intent to sell cocaine offense. Also pursuant to the agreement, the concurrent eight-year sentences were ordered to be served consecutively to the fifteen-year sentence, resulting in a total effective sentence of twenty-three years to be served as a Range II, multiple offender.

On August 11, 2008, the Petitioner filed a pro se petition for post-conviction relief in the Marshall County Circuit Court alleging that the ineffective assistance of counsel rendered his guilty pleas involuntary and unknowing. Following the appointment of counsel, several amendments were made to the post-conviction petition which alleged various instances of ineffective assistance of counsel and Brady violations, as well as an attack on the harshness of the Petitioner's twenty-three year sentence.

At the February 11, 2009 evidentiary hearing, the Petitioner asked the court to "consider th[e] post[-]conviction petition as a motion for sentence reduction." The Petitioner testified that he was "hoping the Court would allow my sentence to be ran into one sentence" for a total effective sentence of fifteen years. The Petitioner testified that he wanted to be out of prison to regain custody of his fifteen-year-old son and to spend time with his father who was suffering from failing health. Regarding his belief that his sentence was too harsh, he said, "Looking at other guys coming out of this same court I was seeing that they have less time than what I have[,] and [they] actually got caught with more." On cross-examination,

2

the Petitioner acknowledged that he agreed to the sentence as part of his plea bargain. He also acknowledged that "one case probably could have" been re-indicted as occurring in a school zone, thereby subjecting him to an even harsher sentence had he not entered into the plea agreement.

The proof at the evidentiary hearing related solely to the Petitioner's request for a reduction of sentence. No proof was presented concerning the remaining allegations of the post-conviction petition. Counsel admitted that there was a concern that a successful post-conviction petition would result in "more time" in light of the possibility of re-indictment for drug offenses occurring in a school zone. He stated that the concern over re-indictment was "why we are asking the Court to also consider this as a sentence reduction motion. It is just a safety net that we are working under right now." Counsel argued that, at the time of the filing of the post-conviction petition, the trial court retained jurisdiction to reduce the sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure or Tennessee Code Annotated section 40-35-212(d).

The trial court found that the Petitioner "offered no proof of ineffective assistance of counsel or of any constitutional violation that would support a post-conviction petition" and denied the petition. The trial court also ruled that the petition was filed more than one hundred twenty days after his judgment of conviction; therefore, a Rule 35 motion could not be entertained by the court. The trial court ruled that it no longer had jurisdiction over the Petitioner's sentence as of July 31, 2008, the date of the Petitioner's transfer from the county jail to the Department of Correction; therefore, he was without jurisdiction to modify the sentence pursuant to § 40-35-212(d) at the time of the filing of the petition.

On appeal, the Petitioner argues that the trial court retained jurisdiction to modify the sentence for an additional thirty days following his transfer to the Department of Correction. He also contends that due process concerns support allowing "a reasonable period of time" for the filing of a motion for reduction of sentence. The State contends that the trial court properly found that the Rule 35 motion was untimely and that it had no jurisdiction to modify the Petitioner's sentence following his transfer to the Department of Correction. Following our review, we agree with the State and affirm the judgment of the trial court.

ANALYSIS

Rule 35 of the Tennessee Rules of Criminal Procedure provides:

(a) Timing of Motion. The trial court may reduce a sentence upon motion filed *within 120 days after the date the sentence is imposed* or probation is revoked. *No extension shall be allowed on the time limitation*.

3

No other actions toll the running of this time limitation.

Tenn. R. Crim. P. 35(a) (emphasis added). Clearly, the petitioner's request filed one year after the imposition of sentence was untimely and could not be entertained by the trial court. See State v. Edenfield, 299 S.W.3d 344, 346-47 (Tenn. Crim. App. 2009).

Turning to the Petitioner's allegation that Tennessee Code Annotated section 40-35-212 vested the trial court with jurisdiction to modify the sentence, we note that the statute provides as follows:

> (c) Unless the defendant receives a sentence in the department, the court shall retain full jurisdiction over the manner of the defendant's sentence service.
>
> (d)(1) Notwithstanding the provisions of subsection (c), the court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the department. *The jurisdiction shall continue until the defendant is actually transferred to the physical custody of the department.*

Tenn. Code Ann. § 40-35-212(c)-(d) (emphasis added). Thus, the statute gives a trial court jurisdiction over any local sentences as well as any Department of Correction sentences up until the time of a defendant's transfer from the local facility to the penitentiary. The Petitioner argues that "the application of [this] statute inherently includes a 30-day grace period, akin to the finality of judgments." The clear language of the statute does not support this argument. Edenfield, 299 S.W.3d at 348 (the trial court's "jurisdiction [pursuant to § 40-35-112(d)] terminated by transfer to the Department of Correction"). Furthermore, we deem unpersuasive the Petitioner's argument that due process concerns require additional time following transfer to the Department of Correction for the filing of a motion to reduce sentence. The Petitioner failed to avail himself of the benefits of Rule 35 within the statutory 120-day time limitation, and, while awaiting transfer to the penitentiary for a full year, he did nothing to assert his claim for a reduction of sentence pursuant to § 40-35-112(d). The untimely nature of his filing rendered the trial court without jurisdiction to modify his sentence by any means. For these reasons, the judgment of the trial court denying relief is affirmed in all respects.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the Marshall County Circuit Court's denial of post-conviction relief and request for reduction of sentence are

affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

5