IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 22, 2010

**STATE OF TENNESSEE v. TONY RAY ANDERSON**

**Appeal from the Criminal Court for Davidson County**
**No. 2006-D-2696      J. Randall Wyatt, Jr., Judge**

_____

**No. M2009-02637-CCA-R3-CD - Filed October 11, 2010**

_____

The Defendant, Tony Ray Anderson, pleaded guilty to two counts of attempted rape, a Class
C felony. See Tenn. Code Ann. § 39-12-107(a), -13-503(b). Pursuant to a plea agreement,
he was sentenced as a Range I, standard offender to ten years in the Department of
Correction for each count, with the two sentences running concurrently. Almost three years
after he pleaded guilty, the Defendant petitioned the trial court and requested to serve the
remainder of his sentence on probation. The trial court denied the Defendant's motion.
After reviewing the record, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JERRY L. SMITH and
ROBERT W. WEDEMEYER, JJ., joined.

Tony Ray Anderson, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney
General; Victor S. Johnson, III, District Attorney General; and Amy Eisenbeck, Assistant
District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**Factual Background**

On October 16, 2006, a Davidson County grand jury issued an indictment that alleged
the Defendant committed three counts of rape and one count of falsifying a sexual offender
registration form. Pursuant to a plea agreement, the Defendant pleaded guilty to two counts
of attempted rape, and the State dismissed the two remaining counts of the indictment. Also
in accordance with the plea agreement, the Defendant was sentenced for each conviction as

a Range I, standard offender to ten years in the Department of Correction,[1] with the two sentences to be served concurrently.

On October 30, 2009, the Defendant filed a "Petition under Tenn. Code Ann. # 401-35-306(C)" with the trial court, requesting that he be allowed to serve the balance of his sentence on probation in Little Rock, Arkansas. The trial court denied his petition on November 27, 2009, finding that Tennessee Code Annotated section 40-35-306 was inapplicable and that the trial court lacked jurisdiction, pursuant to section 40-35-212, because the Defendant had been transferred to the custody of the Department of Correction. The Defendant filed his Notice of Appeal on December 16, 2009.

**Analysis**

In this appeal, the Defendant contends that Tennessee Code Annotated section 40-35-306(c) applies and that the trial court erred by denying his petition to serve the remainder of his sentence on probation in Little Rock, Arkansas.

Tennessee Code Annotated section 40-35-306, entitled "Split confinement—Probation following partial service of sentence," states as follows:

(a) A defendant receiving probation may be required to serve a portion of the sentence in continuous confinement for up to one (1) year in the local jail or workhouse, with probation for a period of time up to and including the statutory maximum time for the class of the conviction offense.

(b) A violation of the terms of probation or of the rules of the institution where the defendant is confined shall authorize the court to revoke the sentence of split confinement and impose a sentence in a local jail or workhouse or, unless prohibited by § 40-35-104(b), in the department of correction. The imposed sentence shall not exceed the remainder of the full sentence.

(c) At any time during the period of continuous confinement ordered pursuant to this section, the defendant may apply to the sentencing court to have the balance of the sentence served on probation supervision. The application may be made at no less than two-month intervals.

---

[1] The sentencing range for a Class C felony as a Range I, standard offender is three to six years. However, the Defendant agreed to be sentenced out of the range pursuant to the plea agreement. See State v. Hicks, 945 S.W.2d 706, 709 (Tenn. 1997) ("We reiterate today that a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility.").

The Defendant relies on subsection (c) to support his assertion that he is entitled to request that the balance of his ten-year sentence be served on probation. However, when subsection (c) is read in the context of the entire section, it is clear that subsection (c) only applies when a defendant has been given a sentence of split confinement, meaning that he is ordered to serve part of his sentence in confinement and part of his sentence on probation. The Defendant was not sentenced to split confinement; he was ordered to serve two ten-year sentences concurrently in the Department of Correction. Thus, the Defendant is not entitled to relief on this issue.

Further, the trial court properly determined that it did not have jurisdiction to modify the Defendant's sentence. Tennessee Code Annotated section 40-35-212(c)-(d)(1) states as follows:

> (c) *Unless the defendant receives a sentence in the department*, the court shall retain full jurisdiction over the manner of the defendant's sentence service.

> (d) (1) Notwithstanding the provisions of subsection (c), the court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the department. The jurisdiction shall continue until the defendant is actually transferred to the physical custody of the department.

(emphasis added). This Court has previously explained that "Tennessee Code Annotated section 40-35-212 only permits the trial court to modify a Department of Correction sentence for a defendant who is held locally and has not been transferred to the penitentiary." State v. Edenfield, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009). In the instant matter, the Defendant had served almost three years in the Department of Correction before he filed the petition to modify his sentence in the trial court. Thus, the trial court correctly found that it did not have jurisdiction over this issue.

**Conclusion**

Based on the foregoing authorities and reasoning, we conclude that the trial court did not err when it denied the Defendant's petition to modify his sentence. The judgment of the Davidson County Criminal Court is affirmed.

_____
DAVID H. WELLES, JUDGE