# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 12, 2014

## STATE OF TENNESSEE v. BRANDON CROASMUN

**Appeal from the Circuit Court for Cannon County**
**Nos. F12-58, F12-94    David M. Bragg, Judge**

─────────────────

**No. M2014-00243-CCA-R3-CD - Filed November 7, 2014**

─────────────────

The defendant, Brandon Croasmun, appeals from the Cannon County Circuit Court's denial of his motion for a suspended sentence. Because the trial court's denial was based on its erroneous belief that it lacked jurisdiction to decide the motion, as conceded by the State, we reverse the decision of the trial court and remand for a hearing.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Kenneth R. McKnight, Assistant Public Defender, for the appellant, Brandon Croasmun.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Trevor Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On July 20, 2012, the defendant pleaded guilty to six counts of forgery and received an agreed, effective sentence of four years on probation. On November 1, 2012, the defendant pleaded guilty to one count of initiation of a process to manufacture methamphetamine and agreed to the revocation of his probation in the forgery case. The trial court sentenced the defendant to 10 years in a community corrections program, to be served consecutively to the defendant's four-year sentence in the forgery case, for an effective 14-year sentence in community corrections placement.

In May 2013, the defendant was arrested and charged with driving under the influence and a violation of the implied consent law. The defendant pleaded guilty to the

implied consent violation and the lesser included offense of reckless driving, and he self-reported the violation to his community corrections case officer. On September 5, 2013, the trial court conducted a hearing on the revocation of the defendant's probation. The defendant asked the court for leniency and promised to abide by all conditions set by the court if the court did not impose a fully-incarcerative sentence. Upon information provided by the trial court, defense counsel questioned the defendant about any additional charges he had received while on probation, and the defendant admitted that he had pleaded guilty to stalking his ex-wife in Warren County. The defendant explained that he did not realize that the conviction would affect his community corrections status.

At the conclusion of the hearing, the trial court ruled as follows:

[The defendant] has had numerous opportunities to show the Court that he was a suitable candidate for probation. He was also given the extraordinary relief of serving through Community Corrections where he would get credit for his street time. However, even at that, he was unable to comply with requirements of Community Corrections by maintaining good and lawful conduct.

The Court is going to order that [the defendant] serve his sentence as initially imposed. The Court recognizes that he was sentenced as a Standard, 30 Percent Offender. The Court would anticipate based on the current processes of the Department of Corrections that he will receive not only credit for his time that he was on Community Corrections, but that he'll be released at some point by the Department of Corrections. And hope that he will take advantage of that opportunity to comply with good and lawful behavior and won't have to come back to court on a violation then.

But I think it's best to get this behind you . . . rather than putting you out in a position where you're liable to come back again after serving some period of time and then be ordered to serve your sentence. So, the Court finds based on the violation that you are to serve your sentence as initially imposed by the Court. . . .

On December 3, 2013, the defendant filed a motion for a suspended sentence pursuant to Tennessee Rule of Criminal Procedure 35 and Tennessee Code Annotated section

40-35-303. The trial court denied the motion on January 8, 2014, finding that it no longer had jurisdiction over the defendant's case because the defendant had already been transported to the Tennessee Department of Correction ("TDOC").

From this ruling, the defendant appeals, arguing that the trial court erred by finding that it lacked jurisdiction on the basis of the defendant's transfer to TDOC. The defendant contends that this court ruling's in *State v. Edenfield*, 299 S.W.3d 344 (Tenn. Crim. App. 2009), which found that a defendant's location does not deprive a trial court of jurisdiction over a timely-filed Rule 35 motion, controls. The State concedes that, in light of the holding in *Edenfield*, the trial court erred by denying the defendant's motion. However, the State asserts that the defendant has waived the issue by failing to "bring the court's error to its attention," citing Tennessee Rule of Appellate Procedure 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.").

The State's argument of waiver is inapt. Jurisdictional issues may not be waived. *See* Tenn. R. App. P. 13(b) (stating that "[t]he appellate court shall also consider whether the trial . . . court [has] jurisdiction over the subject matter, whether or not presented for review"). Moreover, Tennessee Rule of Criminal Procedure 35 itself provides that the remedy for denial of a motion for sentence reduction is appeal. *See* Tenn. R. Crim. P. 35(d). As such, the defendant's issue is properly before this court.

Tennessee Rule of Criminal Procedure 35 provides that "[t]he trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." Tenn. R. Crim. P. 35(a). The rule expressly denies extensions of time to the 120-day filing requirement and provides that "[n]o other actions toll the running of this time limitation." *Id.* In denying the defendant's motion for a suspended sentence, the trial court in the instant case apparently relied upon Tennessee Code Annotated section 40-35-212, which provides, in pertinent part, as follows:

> (c) Unless the defendant receives a sentence in the department, the court shall retain full jurisdiction over the manner of the defendant's sentence service.

> (d)(1) Notwithstanding subsection (c), the court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the department. The jurisdiction shall continue until the defendant is actually transferred to the

physical custody of the department.

*Id.* Finding that the defendant was in the custody of TDOC at the time he moved for suspended sentence, the trial court believed that section 40-35-212 divested it of jurisdiction over the defendant's claim.

However, as argued by the defendant and conceded by the State, this court has held that "a Rule 35 motion stands on its own power and is not contingent on the location of the defendant," and, accordingly, "a trial judge retains jurisdiction to modify a defendant's sentence if the motion is properly filed within 120 days of entry of the sentence, regardless of the defendant's location." *Edenfield*, 299 S.W.3d at 346; *see also* T.C.A. § 40-35-212, Sentencing Comm'n Comments ("Subsections (c) and (d) provide that the judge has full jurisdiction to modify the terms and conditions of any sentence unless the defendant has been sentenced to the department. There are two exceptions. . . . Second, . . . sentences may be modified pursuant to Tenn. R. Crim. P. 35(b), which permits modifications within 120 days of sentencing.").

In the instant case, the defendant filed his Rule 35 motion on December 3, 2013, approximately 90 days after entry of his sentence and well within the 120-day time limit mandated by Rule 35. The fact that the defendant was, at the time he made the motion, in the custody of TDOC did nothing to affect the trial court's jurisdiction over his motion, and thus, the trial court erred by denying the motion on the basis of the defendant's location. Accordingly, we reverse the decision of the trial court and remand for a hearing on the defendant's Rule 35 motion for suspended sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE