IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2015


**STATE OF TENNESSEE v. SABRINA HOWARD**

**Appeal from the Criminal Court for Shelby County**
**No. 13-01546     James M. Lammey, Judge**

_____

**No. W2014-02309-CCA-R3-CD  -  Filed December 9, 2015**

_____

Sabrina Howard ("the Defendant") appeals from the Shelby County Criminal Court's denial of her motion to suspend the remainder of her sentence. The Defendant contends that the trial court abused its discretion by denying the motion without an evidentiary hearing. Because the record shows that the motion was untimely, we affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Ruchee J. Patel, Memphis, Tennessee, for the appellant, Sabrina Howard.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Amy P. Weirich, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

**I.  Background**

In April 2013, the Shelby County Grand Jury indicted the Defendant for attempted second degree murder, employing a firearm during the commission of a dangerous felony, and two counts of aggravated assault. On November 7, 2013, the Defendant pleaded guilty, as a Range II multiple offender, to one count of aggravated assault.

Pursuant to a plea agreement, the trial court sentenced the Defendant to six years in the Department of Correction. The Defendant's judgment of conviction reflected, as a special condition, that the Defendant "may PSRS on or after August 7, 2014."[1]

On August 12, 2014, the Defendant filed a pro se Motion for Suspension of Remainder of Sentence pursuant to Rule 35(b) of the Tennessee Rules of Criminal Procedure. In her motion, the Defendant stated that the request for the suspension of the remainder of her sentence was made "[p]ursuant to her negotiated plea agreement[.]" The Defendant asserted that she was sentenced as a multiple offender, despite having no prior criminal history. She argued that, had she been sentenced as a standard offender, she "would have been a prime candidate for alternative sentencing." Moreover, the Defendant claimed that her continued incarceration violated "the spirit of the 1989 Sentencing Reform Act" in that the purpose of the Act was to "reduce automatic incarceration sentences whenever possible." The Defendant requested that her sentence be suspended based upon her lack of criminal history, as well as her "clean disciplinary record" while incarcerated. Additionally, the Defendant explained that she had completed multiple "re-entry courses," including: "Domestic Violence, Anger Management, Victim's Impact, Thinking for a Change, Parenting, Social Skills, Life Skills, Job Readiness, Budgeting, Coping Skills and Group Processing."

On September 26, 2014, the trial court entered an order denying the Motion for Suspension of Remainder of Sentence. In denying the Defendant's motion, the trial court noted that the Defendant "has, in essence, asked this court to modify the sentence previously imposed." The trial court concluded, "After examination of the [Motion for Suspension of Remainder of Sentence] filed in this case, together with the files, record, transcripts and correspondence relating to the judgment and previously imposed sentence, this court finds the Petition should be denied." This timely appeal followed.

---

[1] The record in this case is sparse; it does not contain a copy of the Defendant's plea agreement or transcript of the guilty plea submission hearing. Nonetheless, based upon the Defendant's filings, we gather that "PSRS" means "petition for suspension of remainder of sentence." The record does explain why the plea agreement and the judgment of conviction provided that the Defendant may petition the court to suspend the remainder of her sentence on or after August 7, 2014, nine months after her plea was entered. There is nothing in the record to indicate that the trial court expected the Defendant to be confined in the local jail or workhouse so that it could maintain jurisdiction to reduce or modify of sentence under Tennessee Code Annotated section 40-35-314(c). In any event, at the time the motion was filed, the Defendant was incarcerated in a Department of Correction prison and modification or reduction of sentence was governed by Tennessee Rule of Criminal Procedure 35, which provides the "motion must be filed within 120 days after the date the sentence is imposed or probation is revoked."

## II. Analysis

On appeal, the Defendant asserts that the trial court abused its discretion by denying the Motion for Suspension of Remainder of Sentence without an evidentiary hearing. She contends that the motion was timely filed, within the jurisdiction and discretion of the trial court, and "proper in the interests of justice." The Defendant asserts that her lack of criminal record, acceptance of responsibility, the speedy resolution of her case, her compliance with the plea agreement, and her institutional record are "facially meritorious of full evidentiary review."

Rule 35 of the Tennessee Rules of Criminal Procedure provides, as follows:

(a) Timing of Motion. The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions toll the running of this time limitation.

(b) Limits of Sentence Modification. The court may reduce a sentence only to one the court could have originally imposed.

(c) Hearing Unnecessary. The trial court may deny a motion for reduction of sentence under this rule without a hearing.

(d) Appeal. The defendant may appeal the denial of a motion for reduction of sentence but shall not be entitled to release on bond unless already under bond. If the court modifies the sentence, the state may appeal as otherwise provided by law.

Tenn. R. Crim. P. 35. According to the Advisory Commission Comments to Rule 35, "[t]he intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice."

This court reviews a trial court's denial of a Rule 35 motion under an abuse of discretion standard. State v. Ruiz, 204 S.W.3d 772, 778 (Tenn. 2006); State v. Edenfield, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009). "[A]n appellate court should find that a trial court has abused its discretion only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." Ruiz, 204 S.W.3d 778 (citing Howell v. State, 185 S.W.3d 319, 337 (Tenn. 2006)).

Initially, the State contends that the Defendant's motion was not properly before the trial court because the Defendant was not in local custody at the time she filed the motion but in the custody of the Department of Correction.[2] However, in Edenfield, this court held that a Rule 35 motion is not contingent on the location of the defendant. Edenfield, 299 S.W.3d at 346. The court found that, under the terms of Rule 35, "a trial judge retains jurisdiction to modify a defendant's sentence if the motion is properly filed within 120 days of entry of the sentence, regardless of the defendant's location." Id.; see also Tenn. Code Ann. § 40-35-212, Sentencing Comm'n Comments ("Subsections (c) and (d) provide that the judge has full jurisdiction to modify the terms and conditions of any sentence unless the defendant has been sentenced to the department. There are two exceptions . . . . Second, . . . sentences may be modified pursuant to Tenn. R. Crim. P. 35(b), which permits modifications within 120 days of sentencing."). Accordingly, the trial court's jurisdiction over the Defendant's Rule 35 motion was not affected by the fact that the Defendant was in the custody of the Department of Correction.

However, the State also contends that the trial court lacked jurisdiction over the Defendant's motion because the motion was untimely. We agree. The record shows that the trial court sentenced the Defendant on November 7, 2013, and the Defendant did not file the Motion for Suspension of Remainder of Sentence until August 12, 2014, well-outside of the 120-day limitations period. Although the Defendant's judgment of conviction notes that she could petition for the suspension of the remainder of her sentence "on or after August 7, 2014," Rule 35 does not provide for modifications of its time limitations. To the contrary, the rule explicitly states that the 120-day limitations period cannot be extended or tolled. See Tenn. R. Crim. P. 35(a). Because the Defendant's motion was filed outside the 120-day limitations period, the trial court was without jurisdiction to consider the motion. Accordingly, we conclude that the trial court properly denied the Defendant's late-filed motion.

Despite its untimeliness, the trial court considered the merits of the Defendant's motion and conducted a full review of the matter before denying relief. The record does not establish that the Defendant presented the trial court with evidence of a change in circumstances sufficient to warrant the suspension of the remainder of her sentence "in the interests of justice." See Tenn. R. Crim. P. 35, Advisory Comm'n Comments. Thus, even if the Defendant's motion were timely, we would not conclude that the trial court abused its discretion when it denied relief.

---

[2] It appears from the Defendant's motion that she was in custody at the Department of Correction's Mark H. Luttrell Correctional Center.

## III.  Conclusion

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE