IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2017

**STATE OF TENNESSEE v. ARZELL A. HARMON**

**Appeal from the Criminal Court for Knox County
No. 104777   G. Scott Green, Judge**

_____

**No. E2016-00551-CCA-R3-CD**

_____

Arzell A. Harmon ("the Defendant") pleaded guilty to attempted second degree murder and was sentenced pursuant to a plea agreement to ten years at thirty percent release eligibility with the manner of service to be determined by the trial court.   At the sentencing hearing, the trial court ordered the Defendant to serve his ten-year sentence in confinement.   The Defendant then filed a motion for reduction of sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure, which the trial court summarily denied.   On appeal, the Defendant asserts that the trial court abused its discretion by denying his Rule 35 motion.   Alternatively, the Defendant contends that the trial court should have converted his Rule 35 motion into a petition for post-conviction relief.   Upon review, we affirm the judgment of the Knox County Criminal Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Arzell A. Harmon, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Charme Allen, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

On January 16, 2015, the Defendant was charged by information with attempted second degree murder, a Class B felony.   The same day, the Defendant waived his right

to a jury trial and entered a guilty plea to the charged offense. Pursuant to a plea agreement, the Defendant was sentenced, as a Range I, standard offender, to ten years with the trial court to determine the manner of service of the sentence.[1]

At a subsequent sentencing hearing conducted November 13, 2015, the State offered into evidence without objection the Defendant's presentence report. The presentence report contained the following facts regarding the offense:[2]

> On 10/19/14, a warrant was issued charging the [D]efendant with the offense of attempted first degree murder (premeditated and intentional). It alleges that on 10/18/14, deputies with the Knox County Sheriff's office responded to . . . Carter Road on reports of a victim with multiple gunshot wounds. The juvenile suspect contacted the victim (Eric Stevens) at the request of the suspects to speak with him about obtaining a tattoo. The juvenile suspect conveyed to the victim [his] desires, and the victim gave the juvenile suspect his address. The juvenile suspect and three other suspects drove to the victim's residence, and all suspects except for the juvenile exited the vehicle short of the victim's residence. The juvenile suspect picked up the victim from his residence and drove down the road and pulled in the driveway of 5005 Brown Gap Road (which is an abandoned house). [Co-defendant] Raymond Pryor . . . then approached the vehicle with [the Defendant], and [Co-defendant] Tonia Chaney . . . hit the victim about the head with a gun while he was seated in the vehicle, then demanded him to exit. As the victim was exiting, the Defendant took the gun from [Co-defendant] Pryor, and as [Co-defendant] Chaney was beginning to strike the victim with a closed fist, [the Defendant] shot the victim two times and as the victim was running away, [the Defendant] attempted to shoot the victim a third time though the firearm would not discharge again due to a weapon malfunction. All suspects then exited the scene and fled, throwing evidence of the robbery of the victim's property in a trash can at Walbrook studio apartments. The victim left some of his property and equipment in the car, which was then stolen by the defendants. Some of the property was recovered. Value of stolen property exceeds $1,000.00.

---

[1] As part of his plea deal, the Defendant agreed to "continue to cooperate with the State including truthful testimony."

[2] A transcript of the Defendant's guilty plea submission hearing is not included in the record on appeal.

The State submitted evidence that the Defendant was not qualified for Enhanced Probation due to the nature of the offense and the Defendant's "lengthy misdemeanor record." However, the State acknowledged that the Defendant had been cooperative and truthful with investigators and that the Defendant's agreement to testify against Co-defendant Pryor led to Co-defendant Pryor's decision to plead guilty.

In a victim impact statement, the victim explained that he suffered permanent injuries. He was shot in the leg and in the groin area, and one bullet almost hit his femoral artery. He lost a testicle as a result of the shooting. The victim further stated that the Defendant attempted to shoot him in the back of the head as the victim ran from the scene. The victim also recalled that, during various courtroom proceedings in the case, the Defendant "made gestures" and "had to be kicked out of courtrooms[.]" At the conclusion of the hearing, the trial court denied probation and ordered the Defendant to serve his ten-year sentence in the Department of Correction.[3]

On January 25, 2016, the Defendant filed a pro se motion for reduction of sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. As the basis for his request for a reduction of sentence, the Defendant asserted:

> I was sentenced to serve my 10[-]year sentence in TDOC custody. I've been incarcerated since [October 18, 2014;] my [C]o-defendants are at home right now where I wish to be. If I can get any type of favor in my time-reduction I would surely appreciate it. I feel . . . if I can get a split confinement I would be [a] help to my friends, family, and the community. Prison should be my last resort. I'm a kind [and] smart young man who shouldn't be around these animals. This is my [first] felony although it's pretty harsh. I just honestly feel like I'm being over punished for [a] one[-]time mistake that I'll never make again. Violence is never the answer and disregarding my charge, I'm far from a violent person! It's just a wrong place and wrong time situation that I'm still regretting. [The victim] was cautiously shot below the waist which I feel shouldn't be an [attempted] murder case. I was offered [to plead to Aggravated Assault], Range 2, if I could have that back, or a split confinement with my charge partners, or an 8 at 30% to serve I would be oh so [grateful], please and thank you!

In response, the trial court entered an order summarily denying the Rule 35 motion. This timely appeal followed.

---

[3] The Defendant did not appeal the trial court's sentencing determination.

## Analysis

The Defendant asserts that the trial court abused its discretion by denying his Rule 35 motion. Alternatively, he contends that the trial court should have converted his Rule 35 motion into a petition for post-conviction relief. He asserts that he is entitled to post-conviction relief based on the alleged ineffectiveness of trial counsel. The State responds that the trial court exercised proper discretion in denying the Rule 35 motion "given the absence of any supporting argument or evidence." The State further contends that the Defendant did not raise the issue of ineffective assistance of counsel in his motion for reduction of sentence and that the Defendant cannot raise new claims for the first time on appeal. We agree with the State.

Rule 35 of the Tennessee Rules of Criminal Procedure provides, as follows:

(a) Timing of Motion. The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions toll the running of this time limitation.

(b) Limits of Sentence Modification. The court may reduce a sentence only to one the court could have originally imposed.

(c) Hearing Unnecessary. The trial court may deny a motion for reduction of sentence under this rule without a hearing.

(d) Appeal. The defendant may appeal the denial of a motion for reduction of sentence but shall not be entitled to release on bond unless already under bond. If the court modifies the sentence, the state may appeal as otherwise provided by law.

Tenn. R. Crim. P. 35. According to the Advisory Commission Comments to Rule 35, "[t]he intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice."

This court reviews a trial court's denial of a Rule 35 motion under an abuse of discretion standard. *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006); *State v. Edenfield*, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009). "[A]n appellate court should find that a trial court has abused its discretion only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." *Ruiz*, 204 S.W.3d 778 (citing *Howell v. State*, 185 S.W.3d 319, 337 (Tenn. 2006)).

In the instant case, the trial court considered the merits of the Defendant's Rule 35 motion before denying relief. However, the trial court concluded:

> This Court is mindful of the changes [the Defendant] has made in his life and this [C]ourt applauds him for the positive steps he has taken. The uncontradicted facts within the record, however, justify the sentence previously imposed by this Court. [The Defendant] was the driving force behind the apprehension of the victim . . . and he . . . fired multiple shots which, not only struck the victim but caused serious injury to [the victim]. The serious nature of this offense calls for a sentence of confinement.

The record does not establish that the Defendant presented the trial court with evidence of a change in circumstances sufficient to warrant a reduction or suspension of his sentence "in the interests of justice." *See State v. Sabrina Howard*, No. W2014-02309-CCA-R3-CD, 2015 WL 8334629, at *3 (Tenn. Crim. App. Dec. 9, 2015) (quoting Tenn. R. Crim. P. 35, Advisory Comm'n Cmts.). As such, we conclude that the trial court did not abuse its discretion in denying the Defendant's motion to reduce his sentence. The Defendant is not entitled to relief on this issue.

The Defendant additionally argues that he was denied the effective assistance of counsel. He contends that the trial court should have converted his Rule 35 motion into a petition for post-conviction relief, citing *Archer v. State*, 851 S.W.2d 157 (Tenn. 1993), and urges this court to do the same. In *Archer*, the petitioner sought a writ of habeas corpus, alleging that his guilty pleas were involuntarily entered. *Id.* at 158. Our supreme court determined that, generally, challenges to the voluntariness of guilty pleas are not properly advanced in state habeas corpus proceedings but stated that "[i]f the petition is, in fact, a request for relief that may be granted only pursuant to the post-conviction statutes, a court may properly treat that petition as a petition for post-conviction relief . . . ." *Id.* at 158, 164. However, the Defendant did not raise the issue of ineffective assistance of trial counsel in his Rule 35 motion, and the Defendant's motion contained no other claims for relief that could be granted only under the Post-Conviction Procedure Act. Thus, the Defendant's reliance on *Archer* is misplaced, and this court will not consider a claim raised for the first time on appeal. *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996). The Defendant is not entitled to relief.

### Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 5 -