IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs January 17, 2019

## STATE OF TENNESSEE v. JAMES HALL

**Appeal from the Criminal Court for Davidson County
Nos. 2015-C-1974, 2016-B-842    Seth W. Norman, Judge**

_____

### No. M2018-00096-CCA-R3-CD

_____

Defendant, James Hall, appeals the trial court's denial of his motion to modify his sentence pursuant to Tennessee Rule of Criminal Procedure 35. Defendant argues that the trial court abused its discretion when it failed to consider Defendant's rehabilitation efforts. After a review of the record, we determine that the trial court did not abuse its discretion. However, the judgment for case 2015-C-1974 contains an error that warrants remand for correction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed
and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ., joined.

Kevin Kelly, Nashville, Tennessee, for the appellant, James Hall.

Herbert H. Slatery III, Attorney General and Reporter; Renee Turner, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and D. Paul DeWitt, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On July 13, 2016, Defendant pled guilty to one charge of selling a substance containing heroin, a Schedule I controlled substance, and one charge of an attempted sale of a substance containing heroin, a Schedule I controlled substance. In exchange for his guilty plea, Defendant received concurrent suspended sentences of thirteen years for selling a substance containing heroin and eight years for the attempted sale of a substance containing heroin and was placed on Community Corrections. Defendant violated

Community Corrections three times, and after his third strike, the trial court revoked his suspended sentence and ordered Defendant to serve his sentence in incarceration.[1] Defendant filed a timely petition pursuant to Tennessee Rule of Criminal Procedure 35 on December 5, 2017, asking the trial court to modify its decision to revoke his suspended sentence.

At the December 15, 2017 hearing on the matter, Lisa Drake, Defendant's sister, testified that she had kept up with Defendant's struggles and that she would like to see him placed in a rehabilitation program rather than prison. Ms. Drake is a "team lead" for the Drug Screening Program at LabCorp, and she stated that she would provide any transportation that Defendant required. Defendant also testified and showed proof that he had completed the New Avenues 45-day intensive alcohol and drug treatment program while incarcerated. Defendant also entered as an exhibit a letter of acceptance to the Safe Harbor program at The Lighthouse, which is a six-month, faith-based recovery program. Defendant claimed that he was motivated to recover and that if he were to be released, he would be "a brand new James Hall." After hearing argument from Defendant and the State, the trial court ruled by saying, "I have given him all of the chances I can give him, petition denied."[2] This appeal followed.

*Analysis*

Defendant argues that the trial court abused its discretion by failing to consider Defendant's rehabilitation efforts when ruling on his motion for modification of his sentence. The State responds that Defendant failed to show an abuse of discretion. We agree with the State.

Tennessee Rule of Criminal Procedure 35 provides a mechanism by which a defendant may seek reduction of his sentence within 120 days after the date the sentence is imposed or probation is revoked. Tenn. R. Crim. P. 35(a). The trial court may only reduce a sentence to one that the court could have "originally imposed." *Id.* at 35(b). A trial court may deny a Rule 35 motion without a hearing. *Id.* at 35(c). A defendant may appeal the denial of the motion. *Id.* at 35(d). When an appellate court reviews the denial

---

[1] A trial court order revoking Defendant's suspended sentence is not included in the record on appeal, but the State acknowledged at the hearing on Defendant's motion to modify his sentence that the revocation hearing occurred on August 30, 2017 and that Defendant's suspended sentence was revoked on "that day."

[2] A trial court order denying Defendant's Petition to Modify Sentence is not included in the record on appeal. After this Court ordered the trial court clerk to supplement the record, the trial court clerk notified this Court that no order exists. A December 15, 2017 minute entry does appear in the record, indicating the trial court denied Defendant's petition on that date.

of a motion to reduce or modify a sentence, the standard is whether the trial court abused its discretion. *State v. Edenfield*, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009).

Where a Defendant has entered a plea agreement with a specific, negotiated sentence, that sentence may only be modified pursuant to Rule 35(b) "where unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice." *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994); *see State v. Patterson*, __ S.W.3d __, 2018 WL 6441639, at *8 (Tenn. 2018) ("[A] defendant is required to provide such information only if the defendant's Rule 35 motion seeks reduction of a specific sentence imposed in exchange for a guilty plea. For Rule 35 motions of this type, the *McDonald* standard remains applicable and appropriate."). A defendant's willingness to enter a rehabilitation program or a defendant's completion of a rehabilitation program is not the type of "unforeseen, post-sentencing" development that may serve as the basis for a modification of a sentence. *See State v. Russell Leaks*, No. W2013-01136-CCA-R3-CO, 2014 WL 10316777, at *2 (Tenn. Crim. App. May 15, 2014) (determining the defendant's claim that he would "seek intensive rehabilitation treatment if released" was not an "unforeseen, post-sentencing" development that would allow the trial court to modify the defendant's sentence from negotiated plea in the interest of justice), *no perm. app. filed*; *State v. Hugo Mendez*, No. W2009-02108-CCA-R3-CD, 2010 WL 2836116, at *2 (Tenn. Crim. App. July 19, 2010) (stating completion of rehabilitative services during incarceration was not the "type[] of 'unforeseen development[]' which would serve as a basis for sentence modification"), *no perm. app. filed*.

Here, Defendant argues that the trial court abused its discretion because it failed to take into account "that [Defendant] had turned a corner in his willingness to address his addiction, took it upon himself to complete a substance abuse treatment program while in custody, and enlisted the help of an established treatment program upon release to help him in his efforts." However, these are precisely the type of facts that this Court has held may not serve as the basis for a modification of a sentence. *See Russell Leaks*, 2014 WL 10316777, at *2; *Hugo Mendez*, 2010 WL 2836116, at *2. The trial court did not abuse its discretion, and Defendant is clearly not entitled to relief.

In our review of the record, we noted that there is an error in one of the July 13, 2016 judgment documents entered by the trial court. The "Petition to Enter Plea of Guilty," signed by Defendant, the attorney for Defendant, and the attorney for the State, indicates that Defendant was pleading guilty to "Att. Sale of Sched I: C Fel" in case number 2015-C-1974. However, the judgment document for case number 2015-C-1974 lists the conviction offense as "Sale of Contr. Subst. (Sch. I – Heroin)" and indicates that the conviction class is a B felony. To solve this discrepancy, we remand this case for entry of a corrected judgment document in case number 2015-C-1974 indicating that

- 3 -

Defendant's conviction offense was attempted sale of a Schedule I substance, a class C felony.

*Conclusion*

For the aforementioned reasons, the judgment of the trial court is affirmed, and this case is remanded for entry of a corrected judgment.

_____
TIMOTHY L. EASTER, JUDGE