IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 27, 2021, at Knoxville

**STATE OF TENNESSEE v. DESMOND PRICE**

**Appeal from the Criminal Court for Shelby County
Nos. 19-03870, C1905007  J. Robert Carter, Jr., Judge**

_____

**No. W2020-00952-CCA-R3-CD**

_____

Desmond Price, Defendant, entered a guilty plea to one count of attempted conspiracy to possess more than 150 grams of heroin in exchange for a nine-year sentence and the dismissal of the remaining three counts of the indictment.  The parties agreed that Defendant would serve his sentence consecutively to the sentence for another unrelated conviction.  Subsequently, Defendant filed a motion pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure, arguing that he was a candidate for split confinement.  The trial court denied the motion.  This appeal followed.  After our review, we determine that the trial court properly denied the relief sought by Defendant in the Rule 35 motion. Accordingly, the judgment of the trial court is affirmed.  The matter is remanded to the trial court for entry of judgments dismissing the remaining three counts of the indictment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed
and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Michael R. Working (at hearing and on appeal) and John Dolan (at guilty plea), Memphis, Tennessee, for the appellant, Desmond Price.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Chris Scruggs, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In May of 2019, Defendant and twenty-nine other individuals were indicted by the Shelby County Grand Jury for two counts of conspiracy to sell or deliver more than 150 grams of heroin in a drug-free school zone and two counts of conspiracy to sell or deliver more than 2000 grams of fentanyl in a drug-free school zone.

Defendant entered a guilty plea on February 3, 2020. At the guilty plea hearing, counsel for the State indicated that, had the case gone to trial the "proof would have been that between the time period of December 19, 2018, . . . until May 29, 2019," Defendant was a participant in "at least one hand to hand transaction . . . whereby [an undercover police officer] bought a small amount of what turned out to be fentanyl." After the "hand to hand transaction," Defendant was pulled over and identified by the officer. After the sale, a "wire tap" revealed a number of individuals were "moving product" all over Memphis. Counsel for the State revealed that this was a "negotiated settlement" that was "on par with what everybody else received."

Defendant acknowledged that he was pleading guilty to a lesser-included offense in exchange for a nine-year sentence that would be served consecutively to a sentence in another case. Defendant also acknowledged that the remaining counts would be dismissed. Defendant agreed that he was pleading guilty voluntarily and freely. The trial court accepted the guilty plea and sentence, entering an order on the guilty plea and judgment of conviction on February 3, 2020. The special conditions box on the judgment simply states "Cts. 2, 3, 4." From statements made at the guilty plea hearing, we discern that the remaining three counts would be dismissed. There are no judgments in the record disposing of these counts.

On June 24, 2020, Defendant filed a motion pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure requesting that the "remainder of his sentence be served as a suspended sentence."[1] Defendant argued that he was "likely a candidate for split confinement" and asked the trial court to reassess and modify his sentence. While this motion was filed stamped by the trial court, it was not signed by counsel for Defendant.

The trial court held a brief hearing on the motion the same day it was filed. At the hearing, the trial court found that it had jurisdiction to hear the matter. The trial court noted *State v. Patterson* 564 S.W.3d 423 (Tenn. 2018), indicated that relief should not be granted "where it was an agreed upon sentence unless there have been significant post-sentencing circumstances that cause it to be done - - needed it - - for it to rectify and - - you know, manifest injustice or whatever." The trial court found that Defendant "agreed to this sentence" and "barring something . . . that may have changed" it was not appropriate to modify the sentence. The trial court entered an order denying the motion on the same day.

---

[1] Defendant states in his brief that he filed this motion on May 27, 2020.

Defendant filed a pro se notice of appeal on July 10, 2020.

*Analysis*

On appeal, Defendant argues that the trial court applied an "incorrect legal standard" and reached an "illogical conclusion in direct opposition" to the holding in *Patterson*. As a result, Defendant asks this Court to remand the matter for either a hearing on the merits or entry of a suspended sentence. The State argues that the motion should have been denied because it was untimely. Alternatively, the State contends that the trial court properly denied the motion because Defendant failed to provide post-sentencing facts that would have allowed the trial court to provide relief.

Tennessee Rule of Criminal Procedure 35 provides a mechanism by which a defendant may seek reduction of his sentence within 120 days after the date the sentence is imposed or probation is revoked. Tenn. R. Crim. P. 35(a). There are "[n]o extensions" for this time limitation and "[n]o other actions toll the running of this time limitation." *Id.* Defendant's sentence was imposed on February 3, 2020. The Rule 35 motion was filed stamped on June 24, 2020, 142 days after the sentence was imposed. The trial court should have denied the motion on this ground alone.

Moreover, a trial court may deny a Rule 35 motion without a hearing. *Id.* at 35(c). A defendant may appeal the denial of the motion. *Id.* at 35(d). When an appellate court reviews the denial of a motion to reduce or modify a sentence, the standard is whether the trial court abused its discretion. *State v. Edenfield*, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009).

Where a Defendant has entered a plea agreement with a specific sentence, that sentence may only be modified pursuant to Rule 35(b) "where unforeseen, post-sentencing developments would permit modification of a sentence in the interest of justice." *State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994); *see State v. Patterson*, 564 S.W.3d 423, 434 (Tenn. 2018) ("[A] defendant is required to provide such information only if the defendant's Rule 35 motion seeks reduction of a specific sentence imposed in exchange for a guilty plea. For Rule 35 motions of this type, the *McDonald* standard remains applicable and appropriate."). Here, Defendant provided no such information other than to complain that his sentence was somehow disproportionate to that of the other codefendants. The trial court did not abuse its discretion. Defendant is not entitled to relief.

*Conclusion*

- 3 -

For the foregoing reasons, the judgment of the trial court is affirmed. The matter is remanded to the trial court for entry of judgments disposing of counts 2, 3, and 4 in accordance with *State v. Berry*, 503 S.W.3d 360, 364-65 (Tenn. 2015).


_____
TIMOTHY L. EASTER, JUDGE