IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs November 20, 2019

**STATE OF TENNESSEE v. MARILDA EVON GREEN**

**Appeal from the Circuit Courts for Jefferson and Grainger County
No. 12981 and No. 5763       O. Duane Slone, Judge**

_____

**No. E2018-01287-CCA-R3-CD**

_____

The Defendant, Marilda Evon Green, appeals from the Jefferson and Grainger County Circuit Courts' orders revoking her probation based upon her guilty plea to a separate charge of aggravated statutory rape and reinstating her effective six-year sentence. The Defendant contends that the trial court abused its discretion by requiring her to serve the balance of her sentence in custody and subsequently denying her motions to reduce the sentence and petitions for early release. Following our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Courts Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Lu Ann Ballew, Dandridge, Tennessee (on appeal); Edward C. Miller, District Public Defender; and Mendi Winstead, Assistant Public Defender (at hearing), for the appellant, Marilda Evon Green.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Jimmy Dunn, District Attorney General; and Jeremy D. Ball, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

In August 2015, the Defendant was indicted in Jefferson County on one count of theft of $10,000 or more but less than $60,000, a Class C Felony; one count of forgery of $10,000 or more but less than $60,000, a Class C Felony; three counts of forgery of $1,000 or more but less than $10,000 a Class D Felony; and thirty-five counts of forgery, a Class E Felony. See Tenn. Code Ann. §§ 39-14-103, -114, -115 (2015). All counts

involved the same victim. She was also indicted in Grainger County on a separate count of forgery in connection with the same victim.

On January 25, 2016, the Defendant pled guilty in Jefferson County to all counts aside from two counts of forgery of $1,000 or more but less than $10,000, which were dismissed pursuant to the plea agreement. She also pled guilty to the Grainger County charge on the same date.[1]

These cases arose from the Defendant's financially abusing an eighty-eight-year-old victim, for whom she was a hired caregiver. As part of her guilty plea, she received an agreed-upon sentence of six years, with one year to be served in confinement and the remainder to be served on probation.

Thereafter, on February 27, 2018, the Defendant pled guilty in Cocke County to five counts of aggravated statutory rape and received an effective sentence of ten years; she was also required to register as a sex offender. The convictions were a result of the thirty-two-year-old Defendant's having a sexual relationship with a sixteen-year-old boy, which culminated in the Defendant's giving birth to a baby girl. The sentence was ordered to be served consecutively to the sentences in the Grainger and Jefferson County cases.

While the aggravated statutory rape charges were pending, on March 21, 2017, the State filed two violations of probation related to the elder financial abuse cases, alleging that the Defendant violated the terms of her release by committing aggravated statutory rape. On March 19 and 20, 2018, the Defendant pled guilty in Jefferson and Grainger Counties, respectively, to violating her probation.

At a May 30, 2018 hearing on the violations of probation, David Hensley, the elderly victim's son, testified that although he had agreed with the Defendant's original sentence, he now believed that the Defendant should be held "accountable." Mr. Hensley noted that his mother's estate had not received any restitution from the Defendant.

The Defendant testified that she was remorseful for her actions against the elderly victim and had since "turned [her] life around." The Defendant stated that she was addicted to opiate painkillers and moonshine at the time she stole from the victim but had abstained from drugs and alcohol for three years. She stated that she was working with the Department of Children's Services (DCS) to obtain a home for herself and regain custody of her children. The Defendant had recently found gainful employment and was making court cost payments. The Defendant requested that the court waive her court costs so that all of her payments could be applied directly to restitution.

---

[1] The respective cases have been consolidated for appeal.

Teresa Fletcher, a licensed marriage and family therapist, testified that she was appointed by the Cocke County Circuit Court to assess the Defendant's risk of reoffending as a sex offender and the Defendant's treatment needs. Ms. Fletcher reviewed the Defendant's medical records, where she learned of the Defendant's Post Traumatic Stress Disorder diagnosis. Ms. Fletcher noted that the Defendant was a victim of child sexual abuse and was raped at gunpoint as an adult; she further noted that the Defendant had undergone "some sort of trauma" every year of her life. Based upon Ms. Fletcher's evaluation, the Defendant was a "low to moderate" risk to reoffend, and she opined that the Defendant could be treated with a "gender-responsive outpatient sex offender treatment protocol," which often yielded successful results. Ms. Fletcher stated, though, that no sex offender treatment was available to incarcerated women in Tennessee.

On June 18, 2018, the trial court issued an oral ruling revoking the Defendant's probation. The trial court found that there was "no question" the Defendant had a "very traumatized childhood" and could benefit from "extensive therapy," but that by incurring new convictions, the Defendant had violated the terms of her probation. The court found that the Defendant had "a very real behavioral health disorder with [her] willingness to commit crimes." Relative to the elderly victim, the court noted that although the Defendant's opiate addiction "unquestionably impaired [her] judgment," she did not steal "just to support an addiction, [she was] stealing to buy things" and that "those things [could not] go unnoticed." The court stated that the then-seventeen-year-old victim of aggravated statutory rape "now [had] a child that [he was] responsible for" and that regardless of the victim's willingness to participate in sexual activity, "that [was] something that [the Defendant, at her] age should have [had] no part in doing." The trial court stated that it was persuaded the Defendant should serve the balance of her sentence in the Tennessee Department of Correction. The Defendant timely appealed on July 17, 2018.

The Defendant subsequently filed motions to reduce her sentence on July 17, 2018, in both Jefferson and Grainger Counties. The motions relied on Tennessee Rule of Criminal Procedure 35 and requested that the trial court release the Defendant upon time served and reinstate her supervised enhanced probation as a sex offender. As the basis for her motion, the Defendant simply restated the evidence from her probation revocation hearing. At an August 6, 2018 hearing, defense counsel argued that one factor the trial court considered when revoking the Defendant's probation was that her potential release date would be "mid[-]March" 2019, but her Tennessee Department of Correction felony offender information showed her parole eligibility to be August 20, 2019. Based on this five-month gap, the Defendant was asking for a sentence reduction. At the conclusion of the hearing, the trial court dismissed both motions stating that the trial court's estimated release date for the Defendant "ha[d] absolutely zero bearing on [the trial] court's decision." The Defendant timely appealed on August 31, 2018. This court consolidated the Defendant's appeals on September 13, 2018.

On January 22, 2019, and January 24, 2019, the Defendant submitted petitions for early release in Jefferson and Grainger Counties, respectively, citing her elderly mother's need for additional in-home care. At a February 27, 2019 hearing, the trial court stated that it had compassion for the Defendant's situation but that hardships were an "unfortunate" consequence of confinement for criminal offenses. The court declined to order early release. The Defendant timely appealed on March 28, 2019.

ANALYSIS
I.     *Violation of Probation*

The Defendant contends that the trial court abused its discretion by refusing to allow her to remain on probation, noting her positive achievements on probation such as drug and alcohol abstinence, obtaining gainful employment, and working toward obtaining her GED and regaining custody of her children. Although the Defendant acknowledges that she violated the terms of her probation by committing aggravated statutory rape, she argues that she "already resolved [the aggravated statutory rape] case by a guilty plea" and has "already been held accountable for her criminal conduct." The Defendant further argues that the trial court erred by finding the need for "further accountability" outweighed the mitigating circumstances of her traumatic personal history and otherwise successful compliance with the terms of probation. The State responds that the trial court properly exercised its discretion by ordering the Defendant to serve the balance of her sentence in confinement because she violated the terms of her probation by incurring new convictions. We agree with the State.

A trial court may revoke a sentence of probation when it is found by a preponderance of the evidence that the defendant has violated the conditions of release. Tenn. Code Ann. § 40-35-311(e). Once it is found by a preponderance of the evidence that a defendant has violated the conditions of release, the trial court "shall have the right . . . to revoke the probation and suspension of sentence" and either "commence the executions of the judgment as originally entered" or "resentence that defendant for the remainder of the unexpired term to any community-based alternative to incarceration." Tenn. Code Ann. § 40-35-311(e). During a term of probation supervision, the court "shall have the authority to extend the defendant's period of probation supervision for any period not in excess of two (2) years." Tenn. Code Ann. § 40-35-308(c). In a probation revocation hearing, the credibility of the witnesses is determined by the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The decision to revoke probation is in the discretion of the trial judge. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005).

The decision of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (citing State v. Williamson, 619 S.W. 2d 145, 146 (Tenn. Crim. App. 1981)). To find an abuse of discretion "it must be established that the record contains no substantial

-4-

evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Id. (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Substantial evidence is defined as "[t]he existence of a violation need only be supported by preponderance of the evidence." Id. at 82. However, where the defendant admits to the violation of the terms of probation, withdrawal of probation by the trial court is "neither arbitrary nor capricious." State v. Michael Emler, No. 01C01-9512-CC-00424, 1996 WL 691018, at *2 (Tenn. Crim. App. Nov. 27, 1996).

The Defendant's argument centers on the premise that she was punished for aggravated statutory rape beyond the terms of her plea agreement. She contends that she accepted responsibility for the aggravated statutory rape and "already suffered substantial consequences from this offense," including a felony conviction on the Defendant's record, a ten-year sentence, and the Defendant's registering as a sex offender. The Defendant goes on to argue that "there is already accountability in place and there is no need to impose more." The Defendant further notes her abstinence from drugs and alcohol, her low risk to reoffend, and the lack of danger to the public if she were to return to probation. In addition, the Defendant cites her need to care for her children and her mother, as well as her ability to support herself and make court costs payments with gainful employment.

The Defendant's argument is not persuasive. The revocation of her probation relates to the elder financial abuse cases and is not, as she represents, further punishment for engaging in aggravated statutory rape. The trial court determined, and the Defendant admitted, that she committed new crimes and thereby violated her probation. This court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999); see State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002). Upon finding that the Defendant had engaged in further criminal conduct while on probation, the trial court was authorized to revoke her probation. See Tenn. Code Ann. §§ 40-35-310, 311(e); State v. Daryl McKinley Robinson, No. W1999-01386-CCA-R3-CD, 2000 WL 546209, at *2 (Tenn. Crim. App. May 4, 2000) (concluding that a defendant's admission of violating his probation by committing a new criminal offense was, standing alone, sufficient to support the trial court's order revoking probation).

When considering whether the Defendant's probation should be revoked, the trial court found that the Defendant had "a very real behavioral health disorder with [her] willingness to commit crimes"; that relative to the elderly victim, the Defendant did not only steal to support her addiction, but also "to buy things"; and that the teenage statutory rape victim was responsible for a child as a result of the Defendant's engaging in criminal behavior. The Defendant's own actions on probation bely her argument that she poses no

threat to the public—within three months of her release from prison, she engaged in further criminal activity perpetuated against a vulnerable individual. The record supports the court's conclusion that the Defendant was unable or unwilling to comply with all of the terms of her release, and the court was well within its discretion to revoke her probation and require her to serve the balance of the sentence. The Defendant is not entitled to relief on this basis.

## II. Motions for Reduced Sentence

Tennessee Rule of Criminal Procedure 35(a) provides that a defendant may petition the trial court for a reduction of sentence within one hundred and twenty days of the entry of judgment or the revocation of probation. Rule 35 allows for the modification of a sentence when appropriate in the interest of justice. State v. Hodges, 815 S.W.2d 151, 154 (Tenn. 1991). When a defendant seeks to modify a sentence entered pursuant to a guilty plea, a motion should be granted when post-sentencing developments arise that should be addressed in the interest of justice. State v. McDonald, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994). Alternatively, a motion for reduction of sentence may be dismissed summarily without a hearing if no developments have arisen requiring redress by the sentencing court. Tenn. R. Crim. P. 35(c). Our standard of review on appeal is whether the trial court abused its discretion in denying a defendant's motion for reduction of sentence. State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993).

The Defendant's motions requesting a reduced sentence cited the same facts considered by the trial court at the probation revocation hearing. However, we note that the Defendant's traumatic personal history and her progress in obtaining employment, arranging housing through DCS, and maintaining sobriety did not change the fact that within three months after her release from prison for elder financial abuse, she committed further criminal offenses by initiating a sexual relationship with a sixteen-year-old boy. The Defendant alleged no additional information that would make reducing her sentence necessary in the interest of justice. The trial court did not abuse its discretion by denying the motions for a reduced sentence.

## III. Petitions for Early Release

Relative to the Defendant's petitions for early release, both of the Defendant's sentences in Jefferson and Grainger Counties were ordered to be served in the TDOC. However, at the time the Defendant filed her petitions in January 2019, she was still being housed in the Jefferson County Jail.

A trial court is permitted to modify the manner of service of a TDOC sentence for a defendant who is housed locally and awaiting transfer to TDOC. Tenn. Code Ann. § 40-35-212(d)(1) ("[T]he [trial] court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail

or workhouse awaiting transfer to the department. The jurisdiction shall continue until the defendant is actually transferred to the physical custody of the department."); see State v. Edenfield, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009). We interpret the Defendant's petitions as motions to suspend sentence pursuant to Code sections 40-35-303(e) ("Probation shall be granted, if at all, at the time of the sentencing hearing . . . except during the time a defendant sentenced to the department of correction is being housed in a local jail or workhouse awaiting transfer to the department as provided in § 40-35-212(d)").

This court has previously concluded that when a defendant pled guilty pursuant to a plea agreement including an agreed-upon sentence, a motion to suspend a TDOC sentence pursuant to Tennessee Code Annotated section 40-35-303(e) will only be granted upon a showing that "post-sentencing information or developments have arisen that warrant an alteration in the interest of justice." State v. Areanna O. Lloyd, No. M2017-01919-CCA-R3-CD, 2018 WL 5077694, at *8 (Tenn. Crim. App. Oct. 17, 2018) (quoting State v. Ruiz, 204 S.W.3d 772, 778 (Tenn. 2006) (abrogated on other grounds by State v. Patterson, 564 S.W.3d 423, 433 (Tenn. 2018)). "[A] defendant must show that the post-sentencing information or developments were more than simply what was expected, for example a defendant could show that the post-sentencing information or developments were unexpected, unforeseen, or unanticipated." Id. Our standard of review on appeal is whether the trial court abused its discretion in denying a defendant's motion for suspension of sentence. Id., at *9.

In this case, the Defendant's petitions cited a post-sentencing development, her elderly mother's need for at-home caregivers, as the basis for her request for early release.[2] The Defendant also noted that pursuant to her ten-year probationary sentence in the aggravated statutory rape cases, she would be subject to the stringent conditions of sex offender probation. The trial court denied the motion, commenting that an unfortunate consequence of the Defendant's criminal behavior is that her family does not have the benefit of her presence during her mother's illness

Although enhanced needs arise in families when an elderly family member begins to decline, the existence of the decline and the accompanying challenges it brings are not unexpected or unforeseen.[3] Because the Defendant did not allege or prove any unforeseen circumstances justifying the suspension of her reinstated sentences, the trial court was within its discretion to deny her petitions. The Defendant is not entitled to relief on this basis.

---

2 Although the petition references an attached letter from a family nurse practitioner, it is not present in the record.

3 We note that according to the record, the Defendant's mother is receiving care from other family members.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D.  KELLY THOMAS, JR., JUDGE
